UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE AGUILAR, JR., #25000185,<br><br>                                              Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY BOARD OF SUPERVISORS; JOHN DOE #1, Deputy Sheriff; JOHN DOE #2, Deputy Sheriff; JOHN DOE #3, Deputy Sheriff,<br><br>                                              Defendants. | Case No.: 3:25-cv-00538-RBM-DDL<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S IFP APPLICATION [Doc. 2]**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES**<br><br>**(3) DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF AS MOOT [Docs. 6, 8]** |

On March 6, 2025, Louie Aguilar, Jr. ("Plaintiff"), a detainee proceeding pro se, filed a Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983 ("Complaint"). (Doc. 1 at 1, 3.) Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). (Doc. 2.)

Before the Court could review Plaintiff's IFP Application or screen Plaintiff's Complaint, Plaintiff filed several letters (Docs. 3–5), a Motion for Injunctive Relief (Doc.

1

6), an Amended Complaint (Doc. 7), and a second Motion for Injunctive Relief (Doc. 8). For the reasons discussed below, the Court (1) **DENIES** Plaintiff's IFP Application; (2) **DISMISSES** this action **without prejudice**; and (3) **DENIES** Plaintiff's motions for injunctive relief (Docs. 6, 8) **without prejudice**.

## II.     IFP APPLICATION

All parties instituting any civil action, suit, or proceeding in a District Court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed in forma pauperis ("IFP"). *Id.*

The action may proceed despite a failure to pay the entire fee at the time of filing if the court grants the Plaintiff leave to proceed IFP under 28 U.S.C. § 1915(a). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee [is] paid." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023)

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint … ." 28 U.S.C. § 1915(a)(1), (2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) ("[P]risoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records … ."). "The [C]ourt shall [then] assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of– (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing

of the complaint … ." 28 U.S.C. § 1915(b)(1).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff has not included a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint.  Without a certified trust account statement, the Court is unable to assess whether an initial partial filing fee is required to initiate the prosecution of Plaintiff's case.  Therefore, Plaintiff's IFP Application is **DENIED**, and this action is **DISMISSED without prejudice**.

### III.    MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff's motions for preliminary injunctive relief are also **DENIED as moot without prejudice**. (Docs. 6, 8.)  In these motions, Plaintiff appears to seek an order from this Court directing "the entire jail to not intervene w[ith] Plaintiff litigating [his case]" and to "comply with legal mail procedures."  (Doc. 6 at 4; Doc. 8 at 3.)  However, Plaintiff now has "no operative complaint on which to base [his] preliminary injunction motions." *Cupp v. Harris*, No. 2:16-cv-00523-TLN-KJN, 2018 WL 4904819, at *1 (E.D. Cal. Oct. 9, 2018).  Therefore, Plaintiff's preliminary injunction motions are moot.  *See, e.g., Malek v. Valentia Apartments, LLC*, Case No.: 24cv2076-LL-BLM, 2025 WL 790961, at *1 (S.D. Cal. Mar. 12, 2025) (denying motions, including a motion for preliminary injunction, as moot where such motions we all based on "the now-inoperative complaint") (citations omitted).

### IV.    CONCLUSION

Based on the foregoing, the Court (1) **DENIES** Plaintiff's IFP Application (Doc. 2); (2) **DISMISSES** this action **without prejudice**; and (3) **DENIES** Plaintiff's motions for preliminary injunctive relief (Docs. 6, 8) **without prejudice as moot.**

To proceed with this action, Plaintiff must (a) prepay the entire $405 civil filing and

administrative fee in one lump sum or (b) file a renewed IFP Application, which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits, and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. R. 3.2(b) **on or before July 2, 2025**.

If Plaintiff chooses not to comply with this Order by either paying the $405 civil filing and administrative fees or by submitting a properly supported IFP Application, this case will remain dismissed without prejudice without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

**IT IS SO ORDERED.**

Dated:  May 21, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE