

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LOUIE AGUILAR, JR.,

                                Plaintiff,

          vs.

IMPERIAL COUNTY BOARD OF SUPERVISORS, et al.,

                          Defendants.

Case No.:  3:25-cv-0538-RBM-DDL

**ORDER DISMISSING CASE**

Louie Aguilar, Jr. ("Plaintiff") is a detainee proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On May 21, 2025, this Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the case without prejudice. (Doc. 9.) The Court informed Plaintiff that, to have his case reopened, he must either pay the $405 filing fee or submit a properly supported IFP motion by July 2, 2025. (*Id.* at 4.) On June 12, 2025, Plaintiff filed a Motion for Extension of Time "to arrange the fee." (Doc. 16.) The Court granted Plaintiff's Motion for Extension of Time and ordered that "Plaintiff must satisfy the filing fee requirement by paying the filing fee or filing a fully supported IFP motion on or before August 22, 2025." (Doc. 17 at 1–2.) As of March 27, 2026, Plaintiff has done neither of those things.

3:25-cv-0538-RBM-DDL

A district court may dismiss a plaintiff's action for his failure to prosecute or his failure to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Before dismissing the action under Rule 41(b), courts must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

These factors favor dismissal.  As to the first two factors, over seven months have passed since the Court notified Plaintiff of, and directed Plaintiff to cure, the defects in his case. (*See also* Doc. 14 (June 11, 2025 Order reminding Plaintiff that he "has yet to comply with the Court's May 21, 2025 Order that he either pay the filing fee or submit a properly supported IFP motion").  As to the fourth factor, because Plaintiff seeks to proceed IFP, "the imposition of monetary sanctions would be 'inappropriate and likely ineffective' and 'would not remedy Plaintiff's lack of participation.'"  *Lewis v. Donovan*, Case No. 21-cv-1266-BAS-KSC, 2021 WL 6051571, at *2 (S.D. Cal. Dec. 21, 2021) (quoting *Johnson v. Pamplin*, No. 17-CV-00560-BAS-BLM, 2019 WL 494630, at *3 (S.D. Cal. Feb. 8, 2019)). The third factor is neutral at this early stage of the litigation.  The fifth factor weighs against dismissal, but is outweighed by the first, second, and fourth factors, which heavily favor dismissal.

Therefore, the Court finds it appropriate to dismiss this action for Plaintiff's failure to comply with the Court's orders.  The Court **DISMISSES without prejudice** this action.

**IT IS SO ORDERED.**

Dated:  March 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

2

3:25-cv-0538-RBM-DDL